## In re BAR–CRAFT DRESSES, Inc.

United States District Court
S. D. New York.

Jan. 12, 1952.

Abraham Solomon, New York City, for petitioner.

Hahn & Golin, New York City, trustee in ·bankruptcy.

WEINFELD, District Judge.

This is a motion by petitioner for an order relieving him of further incarceration under a contempt order.

The petitioner has been confined at the Federal Detention Headquarters, New York City, since November 16th, 1948. On that day he was committed pursuant to a contempt order dated October 6th, 1948, for failure to turn over to the trustee in bankruptcy of a corporation of which contemnor was president, certain books and records of the corporation.

While so confined, a second commitment under a contempt order (the subject of the present application) was entered on December 31st, 1948, for failure of petitioner to turn over 10,826⅛ yards of textile material, or the proceeds thereof.

Thereafter, on February 23rd, 1949, an indictment was returned against the petitioner for fraudulently concealing property of the bankrupt consisting of cash in the approximate amount of $8,700. It is apparent that the subject matter of the indictment included the assets referred to in the second turnover order, that is, the 10,826⅛ yards, or the proceeds thereof.

On March 23rd, 1949, the petitioner pleaded guilty to the indictment and was sentenced to 3½ years imprisonment and fined $2,500. While still serving this sentence, on December 19th, 1949, an order

was entered relieving him of further incarceration under the first turnover order, the one dated October 6th, 1948.

He continued to serve his sentence upon the criminal conviction until November 9th, 1951, when he was conditionally released, after having served an additional thirty days for non-payment of the $2,500 committed fine. However, he was immediately recommitted under the order of December 31st, 1948, and is presently confined under that order.

Two prior applications for the present relief were denied upon the ground that they were premature in that there was no showing that the contemnor had been incarcerated under the second contempt order, that is, the one dated December 31st, 1948.

There is attached hereto a statement from the Warden of the Federal Detention Headquarters showing that the petitioner has, in fact, since November 9th, 1951, been detained, and is presently detained, under the commitment of December 31st, 1948. Thus, he has been committed now for a period of two months.

This contemnor has now been confined under the first contempt order, the judgment of conviction and the second contempt order since November 1948. Whatever presumption may follow the finding that he had possession of the merchandise or the proceeds at the time the commitment was issued for his contempt in failing to comply with the turnover order, the intervening events from that time to the present dissipate the presumption that he now has either the property or the proceeds or that it is still under his present control. There is a complete absence of proof that petitioner has possession of the assets upon which the turnover order was based or that he is presently financially able to comply. During the period of his incarceration he has been without means of income. Petitioner is 54 years of age and his wife 50 years. Their two children have had to leave school to obtain employment, and his wife, during a substantial part of his confinement, also has been working, as a saleslady, to help maintain the home.

Petitioner was examined as to his ability to pay the $2,500 fine imposed under the judgment of conviction, pursuant to the provisions of law relating to the discharge of an indigent prisoner.[1] Based upon such examination, a recommendation was made by the Assistant United States Attorney that petitioner be released for failure to pay the fine upon taking the Pauper's Oath and after serving thirty days solely for non-payment of such fine. While the Court's conclusion has been reached independently of the foregoing, this circumstance is not without some significance.

I am persuaded that the contemnor is, and for sometime has been, without ability to comply with the order under which he is presently committed and there is no justification for his continued imprisonment. Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419; Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476. To continue his incarceration would be tantamount to exerting "pressure on friends and relatives to ransom the accused". Maggio v. Zeitz, supra, 333 U.S. at page 64, 68 S.Ct. at page 405.

Settle order on notice, which may be returnable at noon, Monday, January 14th, 1952.