In re LAWRENCE CARPET CO., Inc.

United States District Court
S. D. New York.
Feb. 11, 1954.

Hauptman & Hauptman, New York City, for debtor-petitioner.

Benjamin Machinist, New York City, for respondent.

RYAN, District Judge.

Petitioner-debtor moves this court for an order adjudging respondent, Ira Maddox, in contempt of the Referee's order of December 30, 1953 directing the return by respondent of four rolls of carpeting, the property of the debtor, or the proceeds thereof. Simultaneously, respondent seeks review of the referee's order, or in the alternative, suspension of enforcement of the order on the ground that he has neither the carpeting nor the monies.

Briefly, the facts as revealed by the record are: On May 15, 1953 an involuntary petition in bankruptcy was filed against the debtor and on June 15, 1953

the debtor was continued in possession. On August 12, 1953 the debtor initiated turnover proceedings and respondent filed answer denying that he had any property belonging to the debtor. After an extended trial of this issue among others, the Referee concluded on December 2, 1953 that the petitioner had amply sustained the burden of proof and was entitled to a turnover order. The Referee found that on December 2, 1953 respondent had in his possession the carpets of the debtor, that he had "doctored" a receipt signed by the debtor acknowledging return of this property and that he had "concocted a scheme to defraud the debtor by attempting to build up a story to account for the disappearance of the carpet." The Referee further found that by uncontradicted testimony the value of the carpets was $2,242.80 and thereupon issued the order.

Respondent now urges that the Referee erred in believing the debtor's witnesses and in giving undue weight to their testimony and that there was not "a shred of evidence in the case" that he now has or had in August, 1953 the property in question.

■ A reading of the record discloses ample evidence to support a finding by the Referee that the carpets involved were in respondent's possession at the time the turnover order was made.

It was admitted by respondent on trial that he received the carpets from the debtor in January, 1953 and that in August he spoke to a customer of the debtor about dyeing some of this carpeting. Two officers of the debtor who respondent conceded had been in his place of business in May testified that at that time they saw the carpets there, and that later in August they spoke to respondent about dyeing them. It also appears uncontradicted that in May respondent refused to permit the court appointed receiver to take inventory of the debtor's property in respondent's premises. On this evidence the finding of the referee was the only plausible one that could be made and the turnover order is confirmed.

■ ■ The further ground urged by respondent that the Referee erred in failing to credit him with $518. allegedly due from the debtor may not now be urged, for at the trial it was agreed by both sides that the amount to be paid by the debtor to respondent was to be determined by the Referee and that there was to be no right of appeal from this determination. (S.M. p. 2). Having waived his alleged lien respondent may not bring up for review the action of the Referee (to which he consented) fixing it at a lower figure than that claimed by respondent.

■ There remains then but the question—whether respondent's failure to comply with the order is contumacious. It is well settled that in determining whether a finding of contempt is justified we may not inquire into the legal or factual basis of the order alleged to have been disobeyed. We are limited to an inquiry of respondent's present ability to comply with the order. Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476. The order issued on December 30, 1953 and the motion to punish for contempt on January 6, 1954. In view of the short lapse of time, continuance on January 6 of the possession established on December 30, 1953 is a fair and reasonable inference. It is for respondent to dispel this inference by "evidence of something that has happened since the turnover order was made showing that since that time there has newly arisen an inability" on his part to comply. Maggio case, supra, 333 U.S. at page 75, 68 S.Ct. 401. Aside from the statement of respondent made during the trial and now reiterated by affidavit that he had returned the property of the debtor, (which we may not here consider since the Referee found to the contrary and his finding may not be collaterally attacked on this application to punish for contempt), respondent has offered no justification for failure to comply and stands mute on this point. There is, consequently, no evidence before us from which it could reasonably be found that his disobedience is not contumacious.

Motion granted; settle order on notice.

We do not pass upon respondent's application for suspension of enforcement of the turnover order. Although we do not think respondent is presently in a position to appeal to the conscience of the court, it would seem more proper that such application be made to the Referee who issued the order.