## In re CALIFORNIA MOTORS, Inc.
### No. 50994.

United States District Court
E. D. New York.
May 28, 1954.

Solomon Millendorf, New York City, for respondent Joseph Dalessio.

Levin & Weintraub, by Benjamin Weintraub, New York City, for Trustee.

BRUCHHAUSEN, District Judge.

Motion made by a trustee in bankruptcy for an order adjudging the respondent, Joseph Dalessio, in contempt for failing to obey an order of Hon. Samuel C. Duberstein, Referee in Bankruptcy herein, dated March 16, 1954, directing the respondent to turn over to the trustee the sum of $24,813.50 in cash.

The said order was made by the Referee, based upon evidence adduced at hearings held on December 15, 1953, December 22, 1953 and January 12, 1954. The respondent filed a petition to review the said order. This Court confirmed the Referee's findings and order and in its memorandum opinion, dated April 12, 1954, in part, wrote:

"Upon the argument, the respondent's sole contention was that he was unable to comply with the order and that the matter should be referred back to the Referee for the purpose of affording an opportunity to the respondent to prove such inability.

"The record discloses that alleged inability to comply with the order was one of the principal issues raised by the respondent's answer (par. 4) and litigated before the Referee. The Referee has made findings to the effect that the said sum, belonging to the bankrupt's estate is in the possession of or under the control of the respondent and that the respondent's contention that he lost the moneys by gambling was not substantiated. The credible evidence fully supports the findings and the order based thereon."

█ The respondent's alleged inability to comply with the order, as urged by him in the said proceeding to review, related to the time of the making of the order by the Referee. The question was determined adversely to the respondent by the Referee, who held that the respondent then had possession or control of the aforesaid sum of money. This Court, as pointed out, confirmed the Referee's finding. That issue is now res adjudicata. In this connection 2 Collier On Bankruptcy, 14th Edition, sets forth at pages 552, 553:

"The turnover order itself conclusively establishes the jurisdiction of the court, whether judge or referee, and the defendant's then ability to comply with the order. These matters may not be collaterally attacked in the contempt proceeding. In the contempt proceeding the only issue before the court is the alleged contemner's present inability to comply."

The case of Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476, is cited in the footnote of page 553.

It should be emphasized that as late as March 16, 1954, about a month prior to the date of the present motion for contempt, it was determined that the respondent was able to comply with the turnover order.

In an opinion in the case of Lawrence Carpet Co. Inc., D.C.S.D., 122 F.Supp. 912, Judge Ryan, in granting a motion to punish for contempt, in part, wrote:

"The (turnover) order issued on December 30, 1953 and the motion to punish for contempt on January 6, 1954. In view of the short lapse of time continuance on January 6, 1954 of the possession established on December 30, 1953 is a fair and reasonable inference. It is for respondent to dispel this inference by 'evidence of something that has happened since the turnover order was made showing that since that time there has newly arisen an inability' on his part to comply", citing Maggio v. Zeitz, 333 U.S. 56, 75, 68 S.Ct. 401, 92 L.Ed. 476.

Although the Court found it unnecessary, under the circumstances in the Lawrence Carpet Co. case to hold a hearing on the question of present inability of compliance with the turnover order, there are cases wherein such hearings have been held, such as the case of In re Sussman, D.C., 85 F.Supp. 570, 572, wherein the turnover order was dated, October 28, 1947 and the contempt motion was argued about three and one-half months later. The Court, on granting the contempt motion, in part, wrote:

"Even assuming as true the bankrupt's story as to his very modest manner of living and of his borrowings and other methods of obtaining money in order to support himself and wife for the year 1947, still I cannot accept that defense here as a full and complete exculpation. I.

must consider all the evidence. I cannot leave out of my mind the judicial determination that three or four months before October 28, 1947 bankrupt had in his possession and control the sum of $23,000 of the assets of the estate. The time element here is quite important.

"His explanation of his inability to turn over the money is not sufficient. Of course, it is natural to presume that any one who evidences no indicia of affluence is not possessed of it. But it is also natural that one who must have known that he would be called upon to explain the loss or disappearance of a substantial sum of money would not likely exhibit signs of affluence.

"I feel that the Maggio case is not to be read as authority for rendering the turnover order of no effect under these circumstances."

In the Sussman case, as in the case at bar, the respondent on the contempt motion was faced with an adjudication that at the time of the turnover order he had the fund in his possession or control. He could not challenge that determination on the later motion for contempt. He did not, at the time the latter motion was made as the Court pointed out, satisfactorily explain his inability to turn over the fund.

In his answering affidavit herein, excluding matters adjudicated in the turnover proceeding, following the rule in the Maggio case, the respondent fails to satisfactorily explain his inability to turn over the fund nor does he ask for an opportunity to do so but sets forth details of his manner of living and his borrowings and other methods of obtaining money, as did the respondent in the Sussman case.

Despite the fact that the defendant in his answering papers on this motion did not request a hearing upon the question of his present ability to comply with the turnover order, this Court subsequent to the submission of this motion for determination and under date of May 13, 1954, issued the following memorandum, duly filed with the Clerk, in order to comply with the liberal spirit of Bender v. Kohen, 2 Cir., 195 F.2d 101 viz.:

"The determination of the motion will be stayed pending a hearing on the question of the respondent's present ability to comply with the turnover order, if he so desires. Such a hearing will be held on May 25, 1954, at 10:30 A.M. in Room 735 of this Courthouse, provided that the respondent reports in writing to this Court and to the Trustee's attorneys on or before May 18, 1954, that he desires such a hearing. In the absence of such writing, the Court will presume that he does not desire such a hearing, and is satisfied to rest upon the papers submitted."

■■■ A hearing was held on May 25, 1954, to afford the respondent an opportunity to rebut the trustee's prima facie case. Maggio v. Zeitz, 333 U.S. 56, 75, 68 S.Ct. 401, 92 L.Ed. 476. He offered no evidence as to his present inability to comply other than that he has a small income from his present position, in addition to a denial of possession, with the inability to comply, and has been obliged to borrow money. The Court has taken these matters into consideration, but finds them insufficient to rebut the trustee's prima facie case. There is nothing therein inconsistent with present possession. Rather, the Court believes·that the opposite is the case. See the reasoning in In re Sussman, D.C., 85 F.Supp. 570, 572.

Although the turnover order was res adjudicata, the Court considered and admitted all testimony offered to show a present inability to comply. Maggio v. Zeitz, 333 U.S. 56, 75, 68 S.Ct. 401, 92 L.Ed. 476; In re Standard Coal Mining & Converters Corp., 7 Cir., 178 F.2d 819, 821, 822, certiorari denied Brock v. Solomon, 339 U.S. 937, 70 S.Ct. 673, 94 L.Ed. 1355; In re Sussman, 85 F.Supp. 570, 571, 572.

■■ The finding by the Referee that the respondent once had possession, and

the Referee's rejection of respondent's explanation that it was gambled away to unknown persons at unknown times and places, should not be lightly disregarded. Such an explanation was found incredible in the context before the Referee and which the Court found incredible from the record. No credible evidence was offered by the respondent other than a denial of possession, and a statement of present inability to comply. The Court recognizes that the presumption of continued possession is not a hard and fast rule of law to be used to override reason, but is rather an aid to reason which must yield in the face of evidence, and is to be applied in the Court's discretion when the time element and other factors make it a fair and reasonable inference. Maggio v. Zeitz, 333 U.S. 56, 64, 65, 66, 68 S. Ct. 401, 92 L.Ed. 476. In the case at bar, the time lapse between the rejection of the explanation found incredible in context and leading toward the turnover order with the finding of possession, and the present, is very short. In view of the explanation found incredible in context, and the failure to rebut the trustee's prima facie case, by anything carrying the ring or conviction of truth, the slight passage of time convinces the Court that the aid to its reasoning, viz.: the presumption of continued possession, has not been weakened. In re Standard Coal Mining & Converters Corp., 7 Cir., 178 F.2d 819, 821, and cases cited therein, certiorari denied Brock v. Solomon, 339 U.S. 937, 70 S.Ct. 673, 94 L.Ed: 1355.

The Court must be on the watch for the ever-present danger that its commitment powers will not be utilized for purposes properly in the domain of punitive statutes. Maggio v. Zeitz, 333 U.S. 56, 61, 62, 68 S.Ct. 401, 92 L.Ed. 476, or for questionable experiments in coercion, In re Standard Coal Mining & Converters Corp., 7 Cir., 178 F.2d 819, 821, certiorari denied Brock v. Solomon, 339 U.S. 937, 70 S.Ct. 673, 94 L.Ed. 1355, or for an indirect imprisonment for debt.

This Court must carefully weigh whether or not there is such a wilfull disobedience which will yield to coercion and so bring into a practical reality, its instant finding of possession and the present ability to comply. Coercion, of course, would not be indeterminate, Maggio v. Zeitz, 333 U.S. 56, 76, 68 S.Ct. 401, 92 L.Ed. 476, but the passage of time may bring forth either the money or the conviction upon the part of the Court that the denial of possession should be given more credence as well as the concurrent decline in the strength of the presumption of possession. What passage of time or set of circumstances is necessary to overcome the present adjudication of possession and ability to comply, which this Court is so clearly convinced is the fact, is in the sound discretion of the District Judge. See In re Bar-Craft Dresses, D.C., 101 F.Supp. 921, 922.

The respondent shall be imprisoned after the entry of an order herein until such time as he shall turn over the money, or until the further order of this Court.

Settle order on ten days' notice.