### McNEIL v. McCORMACK.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1910.)

No. 2,091.

BANKRUPTCY (§ 136*)—CONTEMPT PROCEEDINGS AGAINST BANKRUPT—DISMISSAL.

The action of a District Court in dismissing a contempt proceeding against a bankrupt based on a certificate from the referee on the refusal of counsel for the trustee to file a written charge and his statement that he was unable to furnish evidence *held* not error.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

Petition for Revision of Proceeding of the District Court of the United States for the Southern District of Georgia, in Bankruptcy.

In the matter of Jesse McCormack, bankrupt. Petition by W. D. McNeil, trustee, to revise order of the District Court. Petition denied.

On the 31st of December, 1906, Jesse McCormick was adjudged a bankrupt by the United States District Court for the Western Division of the Southern District of Georgia on his voluntary petition. The petition was duly referred to a referee, and on the 10th day of January, 1907, W. D. McNeil was elected trustee by the creditors, and duly qualified.

On January 25, 1907, the trustee filed a petition with the referee praying that the bankrupt be required to turn over to the trustee the sum of $3,791.49 alleged to be in his possession and to be fraudulently withheld and concealed by the bankrupt, or in default thereof that the bankrupt be punished for a contempt of the orders of the court. An order was passed by the referee, requiring the bankrupt to appear on the 28th of January, 1907, to show cause why the prayers of the petition should not be granted.

A demurrer and answer were filed by the bankrupt, denying the allegations of the petition. Testimony was taken, and on February 26, 1907, the referee filed his written findings of fact and conclusions of law, in which he found and held that the bankrupt had in his possession, power, and control the sum of $1,855.41 in cash, and adjudged that he pay this sum to the trustee by March 5, 1907, and that, in event of his failure so to do, such other proceedings as are usual in bankruptcy cases be taken against him.

The bankrupt on March 6, 1907, filed with the referee his petition for a review of the findings and order of the referee of February 26, 1907. On March 8, 1907, the trustee filed a petition with the referee praying that the referee certify to the judge of the District Court the disobedience of the bankrupt to the order of February 26, 1907, and that he was in contempt of court, "in order that proceedings may be had against him as provided in the acts of Congress relating to bankruptcy. The referee duly certified to the judge of the District Court the petition for review with the entire proceeding, including the evidence taken before him, and also certified the disobedience of said bankrupt of the order to pay over the said sum of $1,855.41. The matter came on for hearing before the Honorable Emory Speer, judge of the District Court, on May 11, 1907, and, the bankrupt not being present in person, the court declined to proceed with the hearing until the bankrupt should be present, and charges for contempt preferred. No order was taken by either party, and on December 7, 1908, the matter was again called for a hearing, and the bankrupt was again absent. The court declined to pass on the petition for review and directed an attachment, and the bankrupt, being brought into court, gave bond for his appearance when ordered to again appear. The matter was again called for a hearing on March 9, 1910, at which time the bankrupt was present, and an oral motion was made by the attorney for the bankrupt to dismiss the entire proceedings, and a disclaimer declared by counsel for the trustee that they asked orally or otherwise any attachment for contempt.

The court, after argument, passed the following order: "This case coming on to be heard on the petition for review of the referee's finding, and on oral application of counsel for the trustee for a proceeding for contempt based thereon, and the court having ruled that the counsel for the trustee should, in compliance with proper practice, file a proceeding before the court, setting forth the alleged contempts of which they claim the bankrupt is guilty, and give him an opportunity to be heard thereon in the nature of an investigation de novo before the court can adjudge him guilty of contempt and impose a penalty upon him, and counsel for the trustee declaring their inability to furnish the evidence to support such charges, but that they would be obliged to rely only upon the report of the testimony taken before the referee, and their inability to proceed, it is so considered, ordered, and adjudged that the proceeding be dismissed."

Geo. S. Jones and M. P. Callaway, for petitioner.

Wallace B. Pierce and W. T. Davidson, for respondent.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. On the petition of both bankrupt and trustee, and under the certificate of the referee, the entire proceedings, including the evidence taken before the referee relating to the orders and findings of the referee on the original petition of the trustee, were before the judge with full jurisdiction for such action as the case required.

In the ruling that counsel for the trustee should file a formal proceeding setting forth the alleged contempts of the bankrupt and give him an opportunity to be heard thereon, nor in dismissing the proceeding when counsel for trustee repudiated the attachment and declared their inability to furnish the evidence to support charges for contempt, do we find any reversible error.

The petition for revision is denied.