### BERKHOWER v. MIELZNER.

Circuit Court of Appeals, Sixth Circuit.
November 7, 1928.

No. 5106.

Allen Roudebush, of Cincinnati, Ohio (Snyder, Henry, Thomsen, Ford & Seagrave, of Cleveland, Ohio, on the brief), for appellant.

Marc J. Grossman, of Cleveland, Ohio, for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. When bankruptcy occurred, appellant was in the fur business. This is a law appeal, under Bankruptcy Act, § 24b (U. S. Code, § 47b; 11 USCA § 47 (b), as amended by Act of May 27, 1926,[1] from an order of the District Court finding appellant guilty of contempt in refusing to comply with an order of the referee, confirmed by the District Court, directing appellant to turn over to the trustee either skins and garments of the cost price to bankrupt of $43,000, and of that reasonable value, or the sum of $43,000. The order of commitment directed appellant's confinement until the same "has been complied with or until further order of court." The order of commitment was thus not punitive, but was coercive only. The appeal allowed by this court released appellant, pending appeal, on bail fixed by the District Judge at $250.

We think that, in the existing situation and upon the record before us, appellant is not entitled to complain of the order of the District Court adjudging contempt and directing imprisonment to coerce compliance with the turn-over order. For the purpose of review by the District Court of the referee's turn-over order, that officer made a comprehensive certificate of the proceedings before him, with a careful discussion of the evidence produced, which he characterized as "rather extensive and somewhat contradictory. Chiefly it is that of the bankrupt, some documentary evidence, and the calculations and deductions of an accountant expertly informed and qualified in the conduct of the fur business." The referee recognized that "the entire question at issue is the concealment, if any, by the bankrupt, of property admittedly in his possession prior to bankruptcy," and made fact findings, concluding with this statement:

"I find from all of the testimony that bankrupt has not accounted for merchandise or the proceeds of merchandise in his possession or control at bankruptcy, of the value of $43,000."

After discussing the legal principles involved, the referee thus concluded his certificate:

"The evidence in this case leaves no room for any inference other than that bankrupt had in his possession or control a large quantity of merchandise for which he has failed to account by any credible evidence. He had the property, admittedly, and he has not shown what became of it. He has failed as a result to overcome the proof adduced, showing beyond any reasonable doubt that he has in his possession or control not less than $45,000."

The District Court "approved and confirmed" the referee's order, and directed appellant on or before a named date to surrender and turn over to the trustee "the aforesaid property, or the sum of $43,000.".

Upon the hearing of the contempt proceeding, the ultimately most important question related to the then present ability of appellant to comply with the turn-over order. To sustain the contempt order there must be "title to the money in the bankrupt's estate and possession of the money in the bankrupt." In re Holden (C. C. A. 6) 203 F. 229; Sinsheimer v. Simonson (C. C. A. 6) 107 F. 898, 907. The production of the turn-over order on the contempt hearing made at least a "prima facie" case of contempt against appellant. Shulman v. United States (C. C. A. 6) 18 F.(2d) 579, 580. But the finding thereunder of bankrupt's indebtedness to the estate, and his present ability to pay, has been held by this court not conclusive against an application by bankrupt for release *after commitment*.[2] And, manifestly, the same rule applies to a proceeding before commitment; and it became the duty of the District Court, upon such hearing, to consider all pertinent evidence presented relating to what preceded and what followed the making of the referee's turn-over order and its confirmation by the District Court, and therefrom to determine the question of appellant's ability to comply with it. In re Haring (D. C.) 193 F. 168, affirmed In re Holden, supra.

Under the petition for contempt there was a formal hearing, at which both parties were represented by counsel, and at which appellant introduced the testimony of five witnesses, including himself, tending to show lack of indebtedness by the bankrupt to the estate, and lack of ability to comply with the turn-over order. This testimony does not seem to have been regarded by the District Judge as additional to or in excess of that produced on the hearing of the application

---

[1] 44 Stat. c. 406; F. S. A. pamphlet supplement, July, 1926, p. 18.

[2] In re Nevin (C. C. A. 6) 278 F. 601, 606.

for turn-over order.[3] The memorandum of the District Judge referred to states: "Upon consideration I find no satisfactory evidence offered in this case in support of a present inability upon the part of the bankrupt to comply with the turn-over order, and which would overcome the prima facie case made by the trustee by the production of the turn-over order of the referee."

 Questions of the weight of testimony and the credibility of witnesses were for the court below. We cannot weigh the testimony. There was substantial evidence tending to sustain the court's conclusions of fact. They are thus binding on us. In re Holden, supra; Goldstein v. Johnson (C. C. A. 6) 3 F.(2d) 228; In re Nevin, supra. This rule is not changed by the amendment of May 27, 1926, to section 24b of the Bankruptcy Act.

 The question as to which party carries the burden of proof on the contempt hearing does not impress us as of controlling importance. Each party was at liberty to present further testimony, so far as desired. We do not understand, however, that this court has held that in a proceeding such as this the burden is upon the trustee to prove beyond a reasonable doubt' the bankrupt's present ability to pay. The cases cited by appellant do not, in our opinion, sustain such proposition; and see In re Nevin, supra, at pages 605, 606. But that proposition is of less importance where, as on this review, we do not weigh the testimony or decide the facts. See Burton v. United States, 202 U. S. 344, 373, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Knable v. United States (C. C. A. 6) 9 F.(2d) 567, 568.

We find no merit in the complaint that bankrupt was adjudged in contempt without the production of evidence showing present ability to pay or willful refusal to comply with the turn-over order. There was substantial testimony tending to sustain an inference of such present ability, and therefore of a willful refusal. Nor do we understand the court below to have held that the production of the turn-over order alone, as against the evidence of the bankrupt and other witnesses, established beyond a reasonable doubt bankrupt's present ability to comply with the turn-over order. Nor do we understand that appellant was found guilty of contempt through casting on him the burden of proof of present ability to comply. The court did not declare on whom the final burden, upon the whole case, rested. There was no reversible error, if indeed any error, in the fact that the judgment of the court gave the date of the court's turn-over order as of June 6, 1927, which was the date of the referee's order, which order later was "approved and confirmed" by the District Court. Manifestly, whatever error may have been committed by the alleged refusal of the district court to grant bail pending this review was cured by the allowance of such bail by this court.

 We have no occasion to consider what the effect of the turn-over order would be in a criminal case. In the instant case such order is not finally an adjudication as respects even appellant's rights; for it is open to the latter at any time after his commitment to apply for a release from further imprisonment by reason of inability to pay, and on such application to present further proof of such inability. In re Nevin, supra; Johnson v. Goldstein (C. C. A. 6) 11 F.(2d) 702.

Finding no error in the record, the order of commitment must be affirmed.

---

[3] The District Judge, in his memorandum ordering commitment, said: "Denial of present possession of property and assertion of present inability to comply with the order do not, in my opinion, dispel the presumption of continued possession of property found by the turn-over order to have been withheld from the trustee, where, as here, no new or additional evidence is produced to explain the disposition of property possessed and unaccounted for."