BENDER v. KOHEN.

No. 191, Docket 22288.

United States Court of Appeals
Second Circuit.

Argued Feb. 13, 1952.

Decided March 5, 1952.

Herbert E. Rosenberg, New York City, attorney and counsel for Albert Kohen, bankrupt-appellant.

Meadow, Mann & Clyne, New York City, attorneys for trustee-appellee; Harry S. Clyne, New York City, counsel.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The bankrupt, a fur dealer, was engaged in business in the Borough of Manhattan, City of New York. On July 30 he was examined under Section 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, before the referee in bankruptcy who was in charge of the proceeding. In the course of the examination Kohen testified that he had in his possession and under his control 840 mink skins belonging to the bankrupt estate having a value of about $17,500. He and Grossman, his then attorney, agreed in open court to turn over the skins but Kohen declined to say where they were on the ground that the disclosure might incriminate him. In view of Kohen's testimony the referee orally directed him forthwith to turn the skins over to the receiver (the present trustee).

At the close of the hearing, Kohen, his then attorney and the receiver left the court house in a taxicab and drove to Broadway and 86th Street for the purpose of obtaining the merchandise. On arrival Kohen requested his attorney and the receiver to wait in the cab while he entered a building known as Euclid Hall. In a few minutes he emerged from the building and said that the friend with whom he had said he left the merchandise was not in and that it would be at least ten minutes before he returned. The attorney and receiver waited for over an hour but Kohen did not emerge from the building and did not appear before the referee on August 3, the date to which the 21, sub. a, examination had been adjourned, nor were the skins ever delivered. Thereupon, the referee, on the application of the receiver, issued a certificate of facts under Section 41, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 69, sub. b, and an order to show cause why the bankrupt should not be adjudged in contempt and committed to prison for failing to turn over the skins.

On August 22, 1951, a hearing was had before Judge Murphy as to whether the bankrupt should not be held in contempt. Herbert Rosenberg—the bankrupt's present attorney—appeared at that time in opposition and argued that Kohen did not have the skins. After hearing argument the judge decided that Kohen should be held in contempt and committed until he obeyed the turn-over order. On September 18, the judge heard a motion by Kohen for a reargument of the contempt motion at which time he allowed Kohen to present an affidavit and received an affidavit in opposition.

While Mr. Rosenberg had written a letter on September 6 asking the judge not only for a reargument but also for an opportunity to present testimony, we find in the record no refusal to allow testimony to be introduced, nor any offer of such testimony by Kohen or his attorney. In our opinion the decision of the district judge was fully within his discretion and we find no error in declining to reopen the contempt order which is accordingly

Affirmed.