Thomas L. O'HAGAN, Trustee in Bankruptcy, Petitioner-Appellant,

v.

Robert BLYTHE, Respondent-Appellee.

In the Matter of LIBERTY RETURN LOADS ASSOCIATION, Inc., Bankrupt.

No. 9, Docket 29574.

United States Court of Appeals Second Circuit.

Argued Sept. 23, 1965.

Decided Dec. 15, 1965.

Sidney N. Zipser, New York City, for petitioner-appellant.

Arthur Neukrug, New York City, for respondent-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

On November 25, 1958 several creditors of Liberty Return Loads Associa-

tion, Inc., filed an involuntary petition in bankruptcy. Thereafter the debtor petitioned for an arrangement under Chapter XI of the Bankruptcy Act and continued in possession and operation of its trucking business. On March 16, 1961, the Referee dismissed the debtor's Chapter XI petition and on April 7, 1961 ordered the debtor to cease carrying on the business and to turn its assets over to the Trustee appointed pursuant to the original involuntary proceedings. Contrary to these orders, the appellee, Blythe, who was at all times president of the debtor corporation, continued to operate the debtor's business, refused to comply with the turn-over orders and misappropriated to his own use and that of his wife $28,029.81 of the debtor's funds.

Appellant Trustee obtained a judgment in the Supreme Court of the State of New York against Blythe to recover the misappropriated money but the Trustee's request for a body execution was denied. In April of 1963 the Trustee petitioned the Referee[1] to certify that Blythe was in contempt of the orders of April 7, 1961 and of certain other orders issued by the United States District Court for the Southern District of New York in the terminated Chapter XI proceedings. After a hearing on the petition the Referee found that Blythe had, as alleged, misappropriated the debtor's funds and had wilfully failed to comply with the orders but he made no finding as to the ability of Blythe to comply with the orders at the time of the hearing. A certificate stating that Blythe was in contempt was issued by the Referee; and there ensued from the District Court an order to show cause why Blythe should not be punished for contempt. At the hearing Judge Metzner found that Blythe was unable to comply with the orders, the violation of which gave rise to the certificate of contempt, and denied the

Trustee's motion to impose a criminal sanction upon Blythe.

On this appeal the Trustee argues that the District Court was bound to accept the findings of the Referee unless they were clearly erroneous and that, as this was not the case, the District Court should be reversed. Alternatively, the Trustee asserts that if the District Court was free to make its own findings, it was in error in concluding that Blythe was unable to comply.

█ There is, of course the general principle of bankruptcy law that

" * * * the report of a referee * * * shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. * * "

General Order No. 47. See 2 Collier, Bankruptcy ¶ 39.28, at 1521–28 (14th ed. 1964).

█ Punishment for contempt, following a certificate by a Referee, does not however, come within this rule. The Referee has no power to punish for contempt. Bankruptcy Act §§ 2, sub. a (13), 2, sub. a(15) and 2, sub. a(16); 11 U.S.C. § 11, sub. a(13), (15) and (16); Bankruptcy Act §§ 38(2) [11 U.S. C. §§ 66(2)] and 41 [11 U.S.C. § 69]; see 1 Collier, Bankruptcy ¶ 2.57, at 281 (14th ed. 1964). That authority rests in the hands of the District Court; and in considering the issue the court must exercise its sole independent judgment in deciding the facts and reaching its conclusions. See Bankruptcy Act § 41, sub. b.

█ The Referee's certificate of contempt is not to be equated to a "report" within the meaning of General Order 47. It is intended to serve only a very narrow purpose, and is simply " * * * the means whereby the judge is informed of the alleged contempt. * * * When made this certificate is not binding upon the judge nor does it

---

1. During the pendency of the proceedings in this case Referee Joyce, who issued the orders of April 7, 1961, died and the case was assigned to Referee Lowenthal.

conclude his action in any way." 2 Collier, Bankruptcy ¶ 41.09, at 1596 (14th ed. 1964). In deciding whether or not a debtor should be punished for contempt for violating a turn-over order, the District Court must decide whether or not the alleged contemner has the then *present* ability to comply with the order. Maggio v. Zeitz, 333 U.S. 56, 76, 68 S.Ct. 401, 92 L.Ed. 476 (1947); Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419 (1929). If the court concludes that he does not then have the present ability to comply, no sanction will be imposed. See e. g. Bender v. Kohen, 195 F.2d 101 (2d Cir. 1952).

At the hearing before Referee Lowenthal, the attorney for the Trustee stated to the Referee that Blythe had no money with which to make restitution. This statement, in the context of the whole case as disclosed to the trial judge, is sufficient to support the conclusion that Blythe was then unable to pay. Under the circumstances this court would not be warranted in holding that there was reversible error.

The judgment below is affirmed.