In the Matter of ESTABLISHMENT IN-SPECTION OF FEDERAL CLEARING DIE CASTING COMPANY, a corporation.

No. 80 C 202.

United States District Court,
N. D. Illinois, E. D.

Feb. 20, 1980.

6.   565 F.2d 797 (1st Cir. 1977), at p. 801.

Carin Ann Clauss, Herman Grant, Secretary of Labor, U.S. Dept. of Labor, Washington, D. C., and Michele M. Fox, Chicago, Ill., for Ray Marshall.

Robert D. Moran, Washington, D. C., for respondent.

## ORDER

BUA, District Judge.

This cause comes before the court on the petition of the Secretary of Labor for an Order directing the respondent Federal Clearing Die Casting Company to show cause why it should not be held in civil contempt for disobeying the warrant for inspection issued on January 10, 1980, by Magistrate John W. Cooley, pursuant to the Occupational Safety and Health Act of 1970 [OSHA]. 28 U.S.C. § 636(d)(1).

In the Application for Inspection Warrant presented to Magistrate Cooley, representatives of the Secretary attached copies of two newspaper articles discussing an on-the-job injury suffered by one of the respondent's employees. In each of said articles, it was reported that both of the employee's hands had been severed in a punch press accident. Also presented to the Magistrate was evidence that Federal Clearing had, in 1975, received an OSHA citation relating to the safe operation of similar presses. After reviewing the Secretary's Application materials, Magistrate Cooley found that there was probable cause for believing that the respondent's worksite should be inspected to the extent requested, and issued the inspection warrant in question.

█ This court agrees with the Magistrate's conclusion on the question of probable cause. That an employee of the respondent had both of his hands severed while working on a press maintained by Federal Clearing is, in the opinion of this court, specific evidence of an existing OSHA violation. Magistrate Cooley's determination

that probable cause existed for the inspection being sought thus could properly have been founded solely upon the reports contained in the newspaper articles attached to the Secretary's Application. *Marshall v. Barlow's Inc.*, 436 U.S. 307, 320, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305 (1978). The fact that Federal Clearing had been cited in the past for similar OSHA violations, clearly, although not conclusive in and of itself, served to buttress the Magistrate's finding.

█ The inspection warrant in question also is facially sufficient. The requisite particulars are set out clearly, and the scope of the inspection to be conducted has been appropriately limited. Regarding the scope of the inspection, the warrant states that the inspectors are to

. . . inspect and investigate in a reasonable manner and to a reasonable extent (including but not limited to the taking of photographs and samples, and the questioning privately any owner, operator, agent, employer or employee of the establishment) *the presses in the worksite* and all pertinent conditions, structures, apparatus, devices, equipment, materials, and all other things therein related to these machines (including records, files, papers, processes, controls, and facilities) . . .

(emphasis added). The Seventh Circuit, when upholding a more wide-ranging inspection restriction in *In the Matter of Establishment Inspection of Gilbert & Bennett Manufacturing Co.*, 589 F.2d 1335 (7th Cir. 1979), stated that "the scope of an OSHA inspection warrant must be as broad as the subject matter regulated by the statute and restricted only by the limitations imposed by Congress and the reasonableness requirement of the Fourth Amendment." *Id.* at 1343. The present warrant, in restricting the scope of the inspection to areas and materials related to "the presses in the worksite", clearly is in conformance with the Seventh Circuit's standard. That being so, it cannot be said that it [the warrant under discussion] is unconstitutionally overbroad.

■ From the above, it is clear that the inspection warrant issued by Magistrate Cooley on January 10, 1980, and presented to the respondent on January 11, was valid and proper. Federal Clearing, however, has not, despite that fact, made any showing which would justify its disobedience of said writ. It has not presented rational grounds to support its acknowledged failure to comply. Rather, the respondent has advanced a number of arguments which, it can reasonably be contended, may have been calculated to—at least in part—both obscure the relevant issues and mislead the court as to the law and standards to be applied. That being so, as Federal Clearing also has failed to bring to light any issues of fact which would otherwise require a hearing, the court believes it appropriate to find at this time that the respondent is in civil contempt. 28 U.S.C. § 636(d)(1).

In conjunction with the above finding, the court holds as follows:

(1) The respondent, Federal Clearing Die Casting is ordered to comply immediately with the January 10, 1980 inspection warrant issued by Magistrate Cooley.

(2) A hearing will be held before this court on March 14, 1980 at 10:00 a. m., to determine what, if any, sanctions should be imposed in response to the respondent's contemptuous actions.